## Cleveland, C., C. & St. L. R. Co. v. George R. Wilson et al.

1. RAILROADS—*When Liable as Common Carriers and Not as Warehousemen.*—Where a railroad company furnishes cars as a common carrier for purposes of transportation, receives a consignment of grain for shipment and is notified of its destination, its liability as a common carrier is fixed, independent of statements in its bill of lading, and it can not escape such liability by issuing one in the form of a track or warehouse receipt after the destruction of the consignment.

Assumpsit, for grain destroyed by fire. Appeal from the City Court of Mattoon; the Hon. JAMES F. HUGHS, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

GEO. F. McNULTY, attorney for plaintiff in error.

CRAIG & KINZEL, attorneys for defendants in error.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

The defendants in error, grain buyers at Leroy, Ill., on the 17th of August, 1896, called upon the station agent of the plaintiff in error at that place to procure for them three cars in which to ship corn to E. S. McClure & Co., at Farmer City, Ill. The cars were furnished and loaded on the 19th of August. The loaded cars were received by the railroad company and remained upon a side track until early in the morning of August 20th, when a fire, which started in

adjacent buildings, destroyed one of them and all the corn in it. The defendants in error, claiming that the railroad company was liable as common carrier, brought suit to recover for the car destroyed and obtained a judgment for $129.49.

The railroad company contends that it did not hold the car load of corn as common carrier, but as warehouseman, and is consequently free from liability for its loss. That was the only question in issue upon the trial. The sole reliance of the company in its contention is the peculiar wording of a bill of lading which its agent issued and delivered to the defendants in error after the fire. The wording of the instrument made it nothing more than a mere track receipt. It did not show the destination of the cars, and the language employed gave it no greater legal force than that of an ordinary warehouse receipt. One of the defendants in error testified, however, that he told the agent the destination of the cars when he ordered them; that when he completed loading the cars on the nineteenth of August, he received from the agent a bill of lading which showed the destination of the cars to be Farmer City, Ill., consigned to McClure & Co., which was attached to a sight draft on McClure & Co. and deposited in a local bank. He further testified that after the fire, there then being but two car loads of corn to draw against instead of three, he surrendered the first bill of lading and received two others in return, one for the two remaining cars, which he attached to a draft and deposited with the bank, and the other for the car load destroyed. Objection was made to his stating the contents of the first bill of lading, for the reason that notice to procure it had not been given to the company. If his testimony as to its contents be excluded, the fact remains that the agent was notified of the destination of the cars and to whom they were to be consigned. When the company furnished the cars, it did so as a common carrier for the purpose of performing its obligation as a common carrier. When informed that the cars were loaded and ready for shipment, its agent knew their destination and received them for transportation. The company's liability was fixed

then, independent of a bill of lading, and it could not escape it by issuing one after the fire in the form of a track receipt or warehouse receipt. There is an extended discussion in the printed argument filed, of errors assigned upon rulings of the trial court upon the admissibility of evidence and the giving and refusing of instructions. Neither the amount at stake nor the principles involved justify a detailed consideration of them in this opinion. The judgment is right upon the merits and will be affirmed.